Amy Wilburn, WSBA #49583
Law Office of Amy Wilburn, PLLC
PO Box 112350
Tacoma WA 98411
253-617-4380

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>RAMH ENTERTAINMENT, LLC,<br><br>Debtor. | Case No. 26–00290–FPC11<br><br>NOTICE OF APPLICATION TO EMPLOY COUNSEL FOR DEBTOR |

PLEASE TAKE NOTICE an Application to Employ Amy Wilburn of Law Office of Amy Wilburn PLLC has been filed in this case. IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned and NOT LATER THAN SEVEN DAYS FROM THE DATE OF THE MOTION. If you file a response, you are also required to appear at the hearing to be scheduled at a later date.

IF NO RESPONSE IS TIMELY FILED AND SERVED, THE COURT MAY, IN ITS DISCRETION, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE.

Respectfully submitted this 4th day of March, 2026.

/s/ Amy Wilburn
Amy Wilburn (WSBA #49583)
Attorney for Debtor
Law Office of Amy Wilburn, PLLC
PO Box 112350
Tacoma WA 98411
253-617-4380
amy@amywilburnlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

# Application for Order Approving Employment

Case Name RAMH Entertainment, LLC    Case Number 26-00290-FPC11

**Comes now the undersigned (Trustee/Debtor in Possession/Chairman of the Creditors' Committee) and applies to the court for an order approving the employment of** Amy Wilburn (Appointee) **as** Attorney (Position) **for the (☐ Trustee - ☑ Debtor in Possession - ☐ Creditors' Committee) in the above entitled estate.**

For purposes of this application and verification and the disclosures contained herein, the term APPOINTEE shall include the named appointee, and if the named appointee is a law partnership or corporation or an accounting partnership or corporation, or is an attorney or accountant employed as a partner, member, or regular associate of a partnership or corporation, the named appointee and each member, partner or regular associate of such partnership or corporation.

Applicant and Appointee in making and verifying this application understand that appointee is a fiduciary to the estate or creditors' committee as appropriate, and is obligated to fully and candidly disclose all material facts relating to the employment and is obligated to timely disclose subsequently discovered material facts.

Your applicant makes the following representations under penalty of perjury and subject to 18 U.S.C. § 152:

1. That the specific facts showing the necessity for the employment are: See attached.

2. That the reason for the selection of the above named appointee is: See attached.

3. That the professional services to be rendered are: See attached.

4. That appointee is qualified to provide the services to be rendered based on the following: Applicant has experience re resenting Debtors in Ch11 SBRA cases, and can do so for reasonable fees and costs, making it affordable and ef

5. That any proposed arrangement as to compensation, including hourly rates or flat fees if applicable, is as follows, but that approval of that arrangement and any payment or allowance of compensation for services rendered or reimbursement of expenses will be in accordance with 11 U.S.C. §§ 329 and 330 and FRBP 2016: Applicant's hourly rates are $350 per hour for attorney work and $150 per hour for paralegal work.

6. That appointee is a relative of the bankruptcy judge assigned the case. ☐ YES ☑ NO

7. (For Trustee or Debtor in Possession) That appointee does hold or represent an interest adverse to the estate, that appointee is not a disinterested person, or that appointee has served as examiner in the case.
☑ YES ☐ NO *If YES, explain:* Applicant represents Flight 509, LLC (Ch 11 Case No. 25-02024), whc Entertainment, LLC. The two companies are owned by the same individual.

8. (For Creditors' Committee) That appointee is not and will not while employed by the committee represent any other entity having an adverse interest in connection with the case.
☐ YES ☑ NO *If YES, explain:*

9. That to best of your applicants knowledge, all of the appointees connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee or the bankruptcy judge assigned the case are as follows:

   A. That appointee is a creditor as defined by 11 U.S.C. § 101(10). ☐ YES ☑ NO *If YES, complete the following:*
   *Date on any waiver, set-off or assignment:* ________.

   | | | | |
   |---|---|---|---|
   | *Type of debt incurred:* | ________ | *Payment made:* | $________ |
   | *Date incurred:* | ________ | *Date payment made:* | ________ |
   | *Amount incurred:* | $________ | *Amount of payment:* | $________ |
   | | | *Remaining Balance:* | $________ |

   B. That appointee is indebted to the debtor or to the estate? ☐ YES ☑ NO *If YES, complete the following:*

| | | | |
|---|---|---|---|
| ***Type of debt incurred:*** | ____________ | ***Payment made:*** | $____________ |
| ***Date incurred:*** | ____________ | ***Date payment made:*** | ____________ |
| ***Amount incurred:*** | $____________ | ***Amount of payment:*** | $____________ |
| | | ***Remaining Balance:*** | $____________ |

**C.** **That appointee has or presently represents an entity that could be classified as a creditor as defined by 11 U.S.C. § 101(10)? ☑ YES ☐ NO** ***If YES, provide the following and any other relevant information as to each such entity:***

**a) name**

**b) dates, capacity and scope of representation**

**c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given**

**D.** **That appointee is or has been an equity security holder as defined in 11 U.S.C. § 101(17)? ☐ YES ☑ NO** ***If YES, provide the following and any other relevant information as to such equity security interests:***

**a) description of each interest**

**b) amount of each interest**

**c) dates each interest held**

**d) dates and manner of disposal of each interest**

**E.** **That appointee has or presently represents an equity security holder as defined by 11 U.S.C. § 101(17)? ☐ YES ☑ NO** ***If YES, provide the following and any other relevant information as to each such equity security holder:***

**a) name of holder**

**b) dates, capacity and scope of representation**

**c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.**

**F.** **That appointee is or has been an insider as defined by 11 U.S.C. § 101(31)? ☐ YES ☑ NO** ***If YES, fully explain and provide any and all relevant information pertaining thereto.*** ______________________________

**G.** **That appointee has or presently represents an insider as defined by 11 U.S.C. § 101(31)? ☑ YES ☐ NO** ***If YES, provide the following and any other relevant information pertaining thereto as to each such insider:***

**a) name**

**b) dates, capacity and scope of representation**

**c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.**

**H.** **That appointee has or presently represents the debtor? ☑ YES ☐ NO** ***If YES, provide the following and any other relevant information pertaining thereto:***

**a) name**

**b) dates, capacity and scope of representation**

**c) actual or possible conflicts according to any applicable code or rules of professional conduct, including any discussion as to any waivers received or given.**

**I.** **That appointee has had or has participated in any transaction with the debtor, whether or not such transaction involved representation of the debtor? Transactions include, but are not limited to any actions under 11 U.S.C. § 329(a) and FRBP 2017(a), involving payments, retainers, set-offs, security agreements, liens, gifts or indentures as defined by 11 U.S.C. § 101(28). ☑ YES ☐ NO** ***If YES, provide the following and any other relevant information concerning each such transaction:***

**a) names of all parties involved**

**b) dates and description**

**c) amounts involved if applicable**

**d) reason for transaction**

J. **That appointee has received or has been promised compensation from debtor or some other entity for services rendered or to be rendered in the case?** ☑ **YES** ☐ **NO** ***If YES, provide the following and any other relevant information concerning each such payment or promise.***

**a) name of payor or promisor**

**b) status of payor or promisor**

**c) relationship between debtor and payor or promisor**

**d) date of payment or promise**

**e) amount of payment or promise**

**f) basis for payment or promise**

**g) location or disposition of any monies received**

K. **That appointee has caused to be conducted an internal conflicts check in regard to representation of other clients as required by any code or rules of professional conduct?** ☑ **YES** ☐ **NO** ***If YES, state results, if NO, state why it was not done.*** ______________________________

______________________________________________

**Dated:** Mar 6, 2026

Tim Homer

**Typed Name of Applicant**

[signature]

**Signature of Applicant**

**I, the undersigned appointee, do hereby state under penalty of perjury that I have read the above representations and verify that they are true and accurate and that they disclose all material facts required to the best of my knowledge and belief.**

**Dated:** 3/6/2026

Amy Wilburn

**Typed Name of Appointee**

Amy Wilburn

**Signature of Appointee**

**Phone #:** (253) 617-4380

**Address:** PO Box 11235
Tacoma WA 98411

**Attachment to Application for Employment**

1. Applicant believes that the employment of counsel is necessary to assist the Debtor in effectuating lawful rights and remedies and to fully and properly discharge fiduciary duties under the provisions of Bankruptcy Code.

2. The Debtor seeks to employ Applicant because of its experience in bankruptcy matters and believes that it is well qualified to render the services described above and to represent the interests of the Debtor in this case.

3. To enable the Debtor to perform duties as Debtor-in-Possession and to effect the proper and expeditious administration of this case, Applicant anticipates providing legal services to the Debtor-in-Possession in connection with this case, including, but not limited to, the following:

   a) Providing legal advice with respect to the powers, rights, and duties of the Debtor and Debtor-in-Possession;

   b) Providing legal advice and consultation related to the legal and administrative requirements of this case, including assisting Applicant in complying with the procedural requirements of the Office of the United States Trustee;

   c) Taking appropriate actions to protect and preserve the Estate, including prosecuting actions on the Debtor's behalf, defending actions commenced against the Debtor, and representing the Debtor's interests in any negotiations or litigation in which the Debtor may be involved, including objections to the claims filed against the Estate, and preparing witnesses and reviewing documents in this regard;

   d) Preparing appropriate documents and pleadings, including but not limited to Schedules, Applications, Motions, Answers, Orders, Complaints, Reports, or other documents appropriate to the administration of the Estate;

   e) Representing the Debtor's interests at the Initial Debtor Interview, the Meeting of Creditors, any Status Conferences, any Disclosure Statement Hearing, the Confirmation Hearing, and other hearings before this Court related to the Debtor;

   f) Assisting and advising the Debtor in the formulation, negotiation, and implementation of a Disclosure Statement and/or Chapter 11 Plan and all documents related thereto;

g) Assisting and advising the Debtor with respect to negotiation, documentation, implementation, consummation, and closing of transactions, including the sale of assets or the incurring of debt;

h) Assisting and advising the Debtor with respect to the use of cash collateral, obtaining financing, and negotiating, drafting, and seeking approval of any documents related thereto;

i) Reviewing and analyzing claims filed in this case, and advising and representing the Debtor in connection with objections to such claims;

j) Assisting and advising the Debtor with respect to executory contracts and unexpired leases, including assumptions, assignments, rejections, and renegotiations;

k) Coordinating with other professionals employed in the case;

l) Reviewing and analyzing applications, orders, motions, and other pleadings and documents filed with the Bankruptcy Court and advising the Debtor thereon; and

m) Assisting the Debtor in performing such other services as may be in the interest of the Debtor and the Estate and performing all other legal services required by the Debtor.

9.H. (a) Debtor engaged Applicant Law Office of Amy Wilburn, PLLC.

(b) Debtor retained the applicant on July 23, 2025, for representation in a Chapter 11 bankruptcy proceeding.

(c) Based on a comprehensive review, there is no conflict of interest or potential conflict of interest under the Rules of Professional Conduct. However, see response to No. 7.

9.I. (a) Parties: RAMH Entertainment, LLC and Law Office of Amy Wilburn, PLLC

(b) Dates/Amounts:

| | |
|---|---|
| 7/23/2025 | RAMH Entertainment, LLC retained Law Office of Amy Wilburn, PLLC |
| 8/6/2025 | Retainer of $20,000.00 deposited into the Trust Account of Law Office of Amy Wilburn, PLLC |
| 8/29/2025 | Earned fees of $700.00 transferred from Trust Account to Operating Account of Law Office of Amy Wilburn, PLLC |

| | |
|---|---|
| 9/29/2025 | Earned fees of $175.00 transferred from Trust Account to Operating Account of Law Office of Amy Wilburn, PLLC |
| 11/5/2025 | Earned fees of $70.00 transferred from Trust Account to Operating Account of Law Office of Amy Wilburn, PLLC |
| 2/12/2026 | Earned fees of $1,785.00 and filing fee of $1,738.00 transferred from Trust Account to Operating Account of Law Office of Amy Wilburn, PLLC |
| 2/19/2026 | Earned fees of $805.00 transferred from Trust Account to Operating Account of Law Office of Amy Wilburn, PLLC |

9.J. a) Name of payor: RAMH Entertainment, LLC (Debtor and Debtor-in-Possession)

b) Status of payor: n/a

c) Relationship between debtor and payor: Debtor and payor are the same.

d) Date of payment or promise: Engagement letter ("promise") was signed 7/23/2025. See above (9.I) for dates of payments.

e) Amounts of payments: See 9.I.

f) Basis for payment or promise: Professional fees and costs as outlined in the engagement letter dated 7/23/2025.

g) Location or disposition of any monies received:

Fees earned ($3,535.00) deposited into Operating Account.
Filing fee ($1,738.00) deposited into Operating Account and paid to the Court.
Remaining retainer amount ($14,727.00) in IOLTA account.

Law Office of Amy Wilburn, PLLC

Law Office of Amy Wilburn, PLLC
PO Box 112350
Tacoma, WA 98411
www.amywilburnlaw.com
(253) 617-4380

July 22, 2025

RAMH Entertainment, LLC
dba All Star Jump
Attn: Tim Homer

*Sent via email: tim@thehomers.net*

***Re:*** ***Small Business Debtor Reorganization - Legal Representation Agreement***

Dear Tim:

The Law Office of Amy Wilburn, PLLC ("LOAW") looks forward to the opportunity of serving as counsel to RAMH Entertainment, LLC, dba All Star Jump (the "Client"), based on the terms and conditions set forth in the paragraphs below:

1. **Purpose and Scope of Engagement:** The purpose of this engagement is to represent the Client: (a) with regard to preparation of bankruptcy schedules and statements and negotiation with certain creditors prior to filing any bankruptcy proceeding (the "Pre-Bankruptcy Matter"); and, if necessary, (b) in a Small Business Debtor Reorganization Chapter 11 bankruptcy proceeding (the "Bankruptcy Matter"). The representation includes all acts that are necessary and appropriate to this representation in the Bankruptcy Matter. Such representation shall include (1) preparation and filing of Schedules, Statement of Financial Affairs and other related forms (based on information supplied to LOAW by the Client); (2) attendance at all meetings of creditors, hearings, pretrial conferences, and trials in the case or any litigation arising in connection with the case, specifically and limited to United States Bankruptcy Court; (3) preparation, filing and presentation to the Bankruptcy Court of any pleadings requesting relief; (4) preparation, filing and presentation to the court of a plan of reorganization under Subchapter V of Chapter 11 of the Bankruptcy Code; and (5) review of claims made by creditors or interested parties, preparation and prosecution of any objections to claims as appropriate; and (6) preparation and presentation of a final accounting and motion for final decree closing the bankruptcy case. LOAW will only be representing the Client with respect to the Pre-Bankruptcy Matter and the Bankruptcy Matter and will not be representing the Client in any other legal matter and will not be representing any of the Client's officers, directors, shareholders or employees.

If at any time LOAW is required to take any action in the Bankruptcy Matter and LOAW is unable to obtain instructions from the Client, it authorizes LOAW to take such actions as are necessary to protect its interests.

2. **Fee Arrangement:** LOAW will represent the Client on an hourly fee basis. For the Pre-Bankruptcy Matter, the Client agrees to pay a **$20,000.00** fee advance ("Retainer"), which is NOT a flat fee, but merely an advance against future fees and costs incurred. If LOAW has exhausted the Retainer for the Pre-Bankruptcy Matter, such that additional funds are due and owing prior to the Bankruptcy Matter, then the Client will pay any additional amounts that are due and owing at that time, in addition to the Retainer for the Bankruptcy Matter. (This is not anticipated unless the Pre-Bankruptcy Matter involves extraordinary attorney time and fees, such as protracted negotiations with creditors).

The Retainer for the Bankruptcy Matter shall be due prior to the filing of the Chapter 11 bankruptcy proceeding. In addition, the amount of the Clerk of Court filing fee is **$1,738.00**, which shall be paid by the Client. The Retainer amount may be payable by a third party. The Retainer is a fee advance that represents an advance against LOAW's anticipated (and actual) legal fees in representing the Client in the Bankruptcy Matter and will be deposited in LOAW's trust account for future withdrawals. The Client understands interest will not accrue. LOAW will apply the fee advance to any outstanding unpaid legal fees and costs, however, with respect to any fees and costs that arise *after* the filing of a Chapter 11 bankruptcy proceeding, prior to such application, will file fee applications with the Bankruptcy Court, and will seek approval of same. Upon Court approval, if there are funds in LOAW's trust account at that time, then no additional funds will be due at that time. If there are no funds remaining in LOAW's trust account at that time, then the Client shall pay the balance due, which may be paid through a confirmed Chapter 11 plan. If the bankruptcy proceeding is dismissed, then all outstanding fees and costs will become immediately due and payable.

LOAW agrees to handle the Bankruptcy Matter for the Client on an hourly basis, at hourly rates, billed against the foregoing detailed Retainer, as follows: Amy Wilburn at $350.00 per hour, Peter Wilburn at $110.00 per hour. The hourly billing rate of other professionals in our office ranges from $75.00 to $100.00. Our Firm will bill for our services and advanced costs on a monthly basis until the filing of the case, in accordance with the provisions set forth herein and the ***Policy on Professional Fees,*** attached hereto and incorporated herein by reference.

Furthermore, the Client's obligation to pay the fees and costs outlined herein are not contingent on the outcome of the Client's bankruptcy proceeding. That is, if the case is dismissed or converted or the case otherwise does not result in a favorable outcome, then the Client is still responsible for payment to LOAW.

3. **Right to Terminate/Withdraw:** The Client understands and agrees that if a fee due LOAW is not paid within the terms described above, including the payment of any requested Retainer/fee advance or cost deposit, then LOAW has the right to terminate working on the Bankruptcy Matter, and to withdraw as the Client's attorneys based upon said non-payment, and



26-00290-FPC11 Doc 16 Filed 03/06/26 Entered 03/06/26 15:25:53 Pg 9 of 18

subject to approval of the Court, to the extent applicable. Furthermore, if LOAW and the Client disagree on the procedural or substantive defense/strategy of the bankruptcy proceeding, which results in irreconcilable differences, then LOAW may, in its sole discretion, withdraw as the Client's attorneys at that time. The Client hereby consents to permit LOAW to withdraw as its counsel under those or any other circumstances.

If the Client's Chapter 11 case is converted to case under Chapter 7 or if the Client is removed as a debtor-in-possession during the Client's Chapter 11 case, the Bankruptcy Court may not permit us or perhaps other of the Client's advisors to be compensated out of money or property constituting property of the Client's bankruptcy estate. Therefore, we will fix the amount of a bankruptcy security retainer based upon and in reliance upon (i) our Firm being paid for the fees and costs incurred prior to the filing of the bankruptcy case in preparation for the filing, and (ii) our Firm being granted leave to withdraw if the Client's case is to be converted to a Chapter 7 or if the Client is removed as a debtor-in-possession during the Client's Chapter 11 case. Accordingly, the Client understands that if the Client is removed as a debtor-in-possession during the Client's Chapter 11 case, or the Chapter 11 case is converted to case under Chapter 7, we may seek leave to withdraw from our representation and our services on behalf of the Client will immediately cease. In such event, the Client agrees not to interpose any objection to our motion for leave to withdraw.

4. **Client's Obligations:** LOAW will endeavor to represent the Client's interests vigorously and efficiently. For LOAW to provide these services effectively, the Client agrees to disclose fully and accurately all pertinent facts and keep LOAW apprised of all developments in the Bankruptcy Matter. LOAW will rely on the *completeness and accuracy of that information* when performing services on the Client's behalf. The Client agrees to cooperate fully with LOAW and agrees to timely comply with all court orders, discovery requests and other requests by the U.S. Trustee, Subchapter V Trustee, Bankruptcy Court or any party-in-interest. The Client understands that attendance at a meeting of creditors and an initial status conference subsequent to the filing of the bankruptcy petition is mandatory and that failure to attend such meeting of creditors would lead to the dismissal of the bankruptcy proceeding.

The Client acknowledges that any and all statements regarding the Client's assets, liabilities and financial affairs are signed under penalty of perjury and are required to be true and correct to the best of Client's knowledge. The Client understands that any person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by the Client in connection with its bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the United States Department of Justice.

5. **Other Terms:**

a. *Conflict Waiver.* The Client understands that its retention of this Firm is made with the knowledge that this Firm, as do many firms, may from time to time represent a Client in

unrelated matters whose interests may conflict with another Client, especially in bankruptcy cases. Thus, there may be times that this firm represents the Client in a matter while concurrently representing another Client in unrelated matter or one that may be averse to the Client. In connection with this Firm's representation of the Client, the Client consents to such representations so long as they do not involve a direct conflict in a specific matter in which this firm represents the Client.

b. *Method of Communication.* The Client acknowledges and agrees that all written communication from LOAW to the Client may be sent via e-mail, at an e-mail address designated by the Client. In the event the Client changes their primary e-mail address and/or mailing address, it is Client's responsibility to update LOAW.

c. *Client Records/Documents.* In effort to maintain an environmentally friendly practice, LOAW does not retain original documents, unless required to do so under other law and procedures. Following a computer scan, all sensitive documents are disposed of in conformance with applicable laws. The Client acknowledges, consents and agrees that all physical documents shall be destroyed within 7 days of the conclusion of engagement on a matter, unless Client specifically requests the original documents. Further, the Client acknowledges that LOAW maintains the vast majority of its files in secure electronic storage, and as such, said files would be available for a period of no more than 12 months after conclusion of the engagement, after which, the Client agrees that said file may be deleted from its computer storage servers.

d. *Counterparts and Execution of Agreement.* This letter agreement may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile or Adobe PDF scanned copy of signatures shall be treated in all manner and respects as original signatures.

e. *Acknowledgment.* By signing this letter agreement, you acknowledge that LOAW does not individually represent: (i) you; (ii) any individual officer, director, manager or member of the Client; or (iii) any newly formed entity that seeks to purchase the operating entity's assets (if applicable). LOAW recommends that you seek independent counsel with regard to your individual interests or that of other entities that you own or manage.

If you have any questions, please do not hesitate to contact us. If this agreement is acceptable to the Client, please acknowledge that you have reviewed it, understand it, and desire for the Client to retain us on the basis of the terms of this letter and attachment by signing and delivering same to us.

We recommend that you keep a copy of this letter and our ***Policy on Professional Fees***, the terms of which are incorporated herein by reference and are deemed agreed upon by execution of this letter agreement, below.



Doc ID: af3ae458f0d62a3027d56dfa1b99aa4abae810fb

Law Office of Amy Wilburn, PLLC appreciates the opportunity to represent RAMH Entertainment, LLC dba All Star Jump and we will endeavor to provide you with prompt and responsive services at all times.

Very truly yours,

**Law Office of Amy Wilburn, PLLC**

By: Amy Wilburn
Amy Wilburn (WSBA #49583)

---

**AGREEMENT BY CLIENT**

The foregoing agreement on pages 1-4 accurately sets forth my arrangement with Law Office of Amy Wilburn, PLLC, including the waiver of any conflicts of interest and Policy on Professional Fees incorporated therein, and is **APPROVED**.

CLIENT: RAMH Entertainment, LLC dba All Star Jump

By: Tim Homer  Dated: 07 / 23 / 2025
Print Name: Tim Homer
Title: Owner

TH I acknowledge that I have received a copy of the disclosures required by 11 U.S.C. § 342.

## POLICY ON PROFESSIONAL FEES

The following is an explanation of the basis on which Law Office of Amy Wilburn, PLLC bills for services rendered and expenses incurred, unless some other specific arrangement has been agreed to with the Client. Fixed fee arrangements are normally billed upon completion. Hourly rate fees are normally billed by monthly statements during the course of an engagement. A retainer is normally required prior to commencing any legal work for a client. On a fixed fee arrangement, the retainer collected is a cost retainer which we debit upon incurring out of pocket expenses. On an hourly rate arrangement, the retainer will be reduced based upon the monthly statements. Upon exhausting the retainer, either additional retainers will be collected or the Client will be invoiced by monthly statements.

Periodic statements are normally based on the amount of time expended and the rates of the lawyers or legal assistants involved in the matter. At the present time, our hourly rates for attorney Amy Wilburn is $350.00 per hour and our hourly rates for paralegals range from approximately $75.00 per hour to $110.00 per hour. The Client understands that it is the practice of LOAW to charge not less than 1/10 of an hour for each action made on behalf of the Client, whether it is telephone calls made and received, no matter how short its duration, and for each e-mail sent or received, by way of example. Travel time will be billed at these rates, as well. Most statements for services are the product of the time worked (in units of tenths of an hour) multiplied by the hourly rates for the attorney and paralegals who did the work. The Client will be billed for all time spent on its behalf, including without limitation conferences, telephone calls, drafting, research and travel. For each periodic statement on account, the responsible attorney reviews the time recorded to the Client's account since the last billing. The purpose of the review is to determine whether the statement should be calculated solely on the basis of the time recorded, or should be adjusted according to the circumstances. We will at all times attempt to staff work on your behalf in the most efficient and economical manner.

It is impossible to determine in advance how much time will be needed, since that depends on many things beyond our control. Any figures we give you for the cost of all or part of our engagement are merely estimates.

The schedule of hourly rates for the attorney and other members of the professional staff is based on years of experience, specialization and training, practice, level of professional attainment and overhead cost. We reconsider our schedule of hourly rates annually and may revise them at that time. If we change our rates, the new rates will go into effect immediately without special notice to the Client. Upon request, we will provide the Client with the rates of those professional staff working on an engagement.

Law Office of Amy Wilburn, PLLC also bills all clients for direct expenses incurred such as copier/telefax, parking fees, photocopying, printing, postage, expedited mail or delivery service (including Federal Express, special couriers, and local messenger), filing fees, documentary stamps, intangible tax, transcript and deposition fees, travel, expert witness fees, and overtime secretarial services. Where the expenses involve payment to persons outside LOAW, we may request that the Client pay the expenses directly.

In the event litigation ensues pursuant to this letter, we will be entitled to reasonable attorney's fees, including appellate fees, if any. If payments are not made as agreed, you hereby consent to permit us to withdraw as your counsel. You also agree that in our discretion we may immediately cease all legal services on your behalf or discontinue our representation (subject to our ethical obligations and any other applicable provision of law). The Client expressly agrees that a charging lien may be filed by LOAW for any amounts due and owed, and unpaid.

The client has the right to terminate our representation by written notice at any time. In that case, the Client is not relieved of the obligation to pay for all services rendered and costs incurred on its behalf prior to receipt of such notice. We have the same right to terminate our engagement, subject to an obligation to give the client reasonable notice to arrange alternative representation.

Sometimes another party to a transaction agrees to pay our client's legal fees, or a court may order our client's adversary to pay all or a part of its legal fees and costs. However, since the client remain primarily liable for payment of all fees and costs, any amounts received from others will be credited to the client's account.

| | |
|---|---|
| Title | Eng Ltr RAMH |
| File name | Eng Ltr RAMH.pdf |
| Document ID | ef3cc458f0d62a3027d56dfc1b99aa4abee810fb |
| Audit trail date format | MM / DD / YYYY |
| Status | Signed |

## Document History

| | | |
|---|---|---|
| SENT | **07 / 22 / 2025** 19:43:48 UTC-7 | Sent for signature to Tim Homer (tim@thehomers.net) from amywilburnesq@gmail.com IP: 65.102.177.4 |
| VIEWED | **07 / 23 / 2025** 12:59:43 UTC-7 | Viewed by Tim Homer (tim@thehomers.net) IP: 24.17.77.69 |
| SIGNED | **07 / 23 / 2025** 13:00:26 UTC-7 | Signed by Tim Homer (tim@thehomers.net) IP: 24.17.77.69 |
| COMPLETED | **07 / 23 / 2025** 13:00:26 UTC-7 | The document has been completed. |

Law Office of
Amy Wilburn,
PLLC

(253) 617-4380
amy@amywilburnlaw.com
PO Box 112350
Tacoma WA 98411
www.amywilburnlaw.com

February 12, 2026

Flight 509, LLC — *Sent via email: timh@flight509.com*
RAMH Entertainment, LLC — *Sent via email: tim@all-starjump.com*

RE: Bankruptcy Representation and Conflict of Interest

Dear Tim,

This letter confirms that we have discussed the conflict of interest that may arise as a result of my representation of both Flight 509, LLC and RAMH Entertainment, LLC.[1] Because Flight 509, LLC and RAMH Entertainment, LLC owe money to one another, each is creditor of the other. In other words, in my representation, I would be representing both the Debtor and a creditor.

The Washington Rules of Professional Responsibility prohibit an attorney from representing a client when the attorney's interests conflict with those of the client unless the client consents.[2] Consequently, I can only act as your lawyer in this matter if you give informed consent based upon disclosure of the material risks of and reasonable alternatives to consenting.

Please consider this situation carefully and decide whether you consent to my representation of you notwithstanding this conflict. In addition, I recommend that you consult with another attorney in deciding whether your consent should be given. Whether or not you consult independent

[1] First discussed July 22, 2025.
[2] RPC 1.7, 1.8

counsel, however, is up to you. If you have questions that you would like me to answer before you decide, please let me know. If you do consent, please sign this letter in the space below and return it to me.

Very Truly Yours,

Amy Wilburn

Amy Wilburn

Attorney at Law

Flight 509, LLC

Signed by Tim Homer, Owner

RAMH Entertainment, LLC

Signed by Tim Homer, Owner

# App Employ AEW_RAMH

Final Audit Report

2026-03-06

| | |
|---|---|
| Created: | 2026-03-06 |
| By: | Amy Wilburn (amy@amywilburnlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAATyfgfmvn0cqdeJNIC2kT31XvRwEwDqSY |

## "App Employ AEW_RAMH" History

- Document created by Amy Wilburn (amy@amywilburnlaw.com)
  2026-03-06 - 10:15:25 PM GMT

- Document emailed to Tim Homer (tim@thehomers.net) for signature
  2026-03-06 - 10:16:46 PM GMT

- Email viewed by Tim Homer (tim@thehomers.net)
  2026-03-06 - 10:18:56 PM GMT

- Document e-signed by Tim Homer (tim@thehomers.net)
  Signature Date: 2026-03-06 - 10:19:27 PM GMT - Time Source: server

- Agreement completed.
  2026-03-06 - 10:19:27 PM GMT

Adobe Acrobat Sign